IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES D. HENDRICKSON                                                                      PLAINTIFF

v.                                    4:24-cv-00195-DPM-JJV

MARTIN O'MALLEY,
Commissioner,
Social Security Administration,                                                        DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge D. P. Marshall Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, James Hendrickson, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits.  The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers Mr. Hendrickson could perform despite his impairments.  (Tr. 16-28.)

This review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend that Plaintiff's Complaint be DISMISSED.

Plaintiff is forty-nine years old. (Tr. 109.) He has a twelfth-grade education and is a combat veteran. (Tr. 58, 44.) He has past relevant work as an apprentice electrician, truck driver, nuclear weapons mechanical specialist, and wheeled vehicle mechanic. (Tr. 27.)

The ALJ[1] first found Mr. Hendrickson met the insured status requirements of the Social Security Act and has not engaged in substantial gainful activity since his alleged onset date of January 20, 2021. (Tr. 18-19.) He has "severe" impairments in the form of degenerative disc

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

disease, osteoarthritis of the shoulders, degenerative joint disease of the knees, migraines, obesity, and post-traumatic stress disorder. (Tr. 19.) The ALJ further found Mr. Hendrickson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 19-21.)

The ALJ determined Mr. Hendrickson had the residual functional capacity (RFC) to perform a reduced range of light work. (Tr. 21.) Given his RFC finding, the ALJ determined Mr. Hendrickson could no longer perform any of his past relevant work. (Tr. 27.) The ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. (Tr. 58-63.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of garment sorter, mail clerk, and router - despite his limitations. (Tr. 28.) Accordingly, the ALJ determined Mr. Hendrickson was not disabled. (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues the ALJ incorrectly evaluated his subjective symptoms. (Doc. No. 10 at 6-10.) He argues:

> Mr. Hendrickson's testimony under oath of physical pain was not given proper weight by the ALJ. As already mentioned in the statement of facts, Mr. Hendrickson testified under oath about the extent of suffering that his impairments cause him. Due to osteoarthritis in his shoulders, Mr. Hendrickson has neither the strength in his arms and shoulders nor the grip in his hands to lift anything for long. (Tr. 50). Additionally, Mr. Hendrickson testified that the last time he had a job, he could not even move his legs to get out of his car when he returned home. (Tr. 45). Whenever he does any type of work, he estimated under oath that his body needs "two to three days to two to three months of recovery." *Id*.

(*Id.* at 9.)

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

The ALJ analyzed Mr. Hendrickson's symptoms considering Social Security Ruling 16-3p.  (Tr. 21-27.)  That ruling fairly tracks the seminal case on this issue, *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1.  the claimant's daily activities;
>
> 2.  the duration, frequency and intensity of the pain;
>
> 3.  precipitating and aggravating factors;
>
> 4.  dosage, effectiveness and side effects of medication;
>
> 5.  functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

After close review, I find the ALJ fairly evaluated Mr. Hendrickson's subjective complaints here.  In doing so, the ALJ concluded:

> In conclusion, the above residual functional capacity is consistent with the medical evidence, opinion evidence, and other evidence as discussed above in more detail. Specifically, while imaging performed at the consultative examination documented some moderate to severe degenerative changes (Exhibit B5F), the claimant has declined physical therapy and injections and reports that his pain is managed with medications (Exhibit B6F/19, 24, 30, 38, 44, 49, 59). His migraines have also been well managed with a medication regimen (Exhibit B6F/19, 24, 30, 38, 44, 49, 59). Physical findings were generally normal over time, with intact gait and strength aside from a few abnormalities from time to time (Exhibits B3F/13, 15-16; B6F/19, 24, 30, 38, 44, 49, 59). As such, the undersigned finds that the claimant can perform light work but can only occasionally stoop, kneel, crouch, crawl, and climb stairs and ramps, but never climb ladders, ropes, or scaffolds in consideration of his shoulder, knee, and back pain. Also in contemplation of his shoulder pain, he can

> occasionally reach overhead with the bilateral upper extremities. Due to the combined effects of his obesity and migraines, he must avoid concentrated exposure to extreme temperatures, wetness, humidity, vibration, fumes, odors, dust, gasses, poor ventilation, or sunlight, and he must avoid concentrated exposure to hazards such as unprotected heights or dangerous moving mechanical parts. To prevent exacerbation of migraines, he can tolerate up to the moderate level as defined in the DOT. With respect to mental limitations the claimant has sought only minimal psychological treatment, which was apparently for the purpose of gaining benefits (Exhibit B7F/68). In consideration of the largely normal mental status findings and limited treatment, he can understand and remember simple instructions and sustain attention and concentration to complete simple tasks, he can use judgment to make simple work-related decisions, he can interact as needed with supervisors and coworkers but only occasionally with the general public, and he can tolerate occasional changes in a routine work setting.

(Tr. 26-27.)

Plaintiff clearly suffers from some degree of limitation and has some serious health issues. Plaintiff's counsel makes compelling arguments, and I am sympathetic to these claims. However, the objective medical records simply fail to support a claim of complete disability. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Here, Plaintiff's diagnostic tests generally showed only mild to moderate anomalies. (Tr. 423-427, 810.) I recognize that most recent imaging done as a part of his consultative examination showed moderate to severe osteoarthritis in his knees and moderate to severe lumbar degenerative disc disease. (Tr. 701-702.) And based on these tests, Nickolas D. Scherzer, M.D., stated:

> Based on today's examination and the objective evidence, I do not believe the claimant should be able to sit, walk, or stand due to severe lower back pain and knee pain that limits his physical exam and is supported by radiographic evidence.

> He should be able to lift or carry objects up to 15-20 pounds. He should be able to hold a conversation, respond appropriately to questions, carry out, or remember instructions without limitation. Thank you for the consult.

(Tr. 702.)

But, on physical exam, Dr. Scherzer only noted:

> MUSCULOSKELETAL: No muscle asymmetry, atrophy, or involuntary movements. No structural deformity, effusion, periarticular swelling, erythema, heat, swelling, or tenderness of any joint except as mentioned specifically below. Normal range of motion except limited in lumbar spine and bilateral knees.
>
> GAIT/STATION: Normal, able to rise from a sitting position without assistance but does ache upon standing, stand on tiptoes, heels and tandem walk without problems. Unable to bend past 30 degrees due to back pain, unable to squat.

This along with the other medical evidence caused the ALJ to conclude, "Dr. Scherzer's conclusions are inconsistent with the overall record, which documents largely intact physical findings, sporadic and conservative treatment, and pain managed with medication [Tr. 618, 620-21, 722, 727, 733, 741, 747, 752, 762]. As such, the undersigned does not find these opinions to be persuasive." (Tr. 24.) The ALJ's conclusions are consistent with the overall record. Dr. Scherzer is the only doctor to conclude that Plaintiff is unable to sit, stand or walk. And this is inconsistent with many of the other medical records. (Tr. 616-623, 722-737, 741-744, 747-766.) So, after careful review, I find no reversible error here.

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. And being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination in this case.

Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to

6

support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments – including the Veteran's Administration's service-connected disability rating provides substantial evidence that Plaintiff should be awarded benefits and the ALJ erred in not finding Plaintiff's impairments met or equaled at least one listed impairment - that I have carefully considered and find to be without merit. As the Commissioner correctly points out, disability ratings from other agencies are not binding on the Commissioner. 20 C.F.R. §§ 404.1504, 404.1513(a)(2), 404.1520c. And the Commissioner's arguments regarding the listings is highly persuasive. (Doc. No. 14 at 12-17.)

Counsel has done an admirable job advocating for Plaintiff's rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 15th day of August 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE